## *In re* TONG WAH SICK *et al.*

(*Circuit Court, N. D. California.* October 17, 1888.)

CHINESE—EXCLUSION ACT OF 1888—DEPARTURE FROM UNITED STATES.
    Chinese subjects purchasing through tickets, and embarking in an American vessel, from one American port to another, who do not leave the vessel when she, having leave to do so, touches at a foreign port, have not departed from the United States within the meaning of the Chinese exclusion act of congress of October 1, 1888.

Petition for Writ of *Habeas Corpus*.
*T. D. Riordan*, for petitioners.
*John T. Carey*, U. S. Atty., *contra*.
Before SAWYER, Circuit Judge, and HOFFMAN, District Judge.

SAWYER, J. The three petitioners being Chinese subjects, residents of Washington Territory, embarked on the American steam-ship Umatilla, for San Francisco, Cal., since October 1, 1888, having purchased a through ticket. The steam-ship, with leave to do so, touched at Victoria, B. C. but the petitioners did not go ashore, or leave the ship. On her arrival at San Francisco, the collector of the port refused to permit the petitioners to land, on the ground that they had departed from the United States since the passage of the late exclusion act, the ship having stopped at a foreign port, and that the late act forbade their return. We are satisfied that there was no departure from the United States, within the meaning of the act. They left one American port for another, upon a through passage upon an American vessel, without any intention of landing in any foreign country. They were all the time within the jurisdiction of the United States, and, constructively, in the territory of the United States. An analogous question was decided by

Mr. Justice FIELD, with the concurrence of the circuit judge, in the case of *Ah Sing*, the Chinese cabin waiter, in 7 Sawy. 537, 13 Fed. Rep. 286, and the case of *Ah Tie et al.*, the Chinese laborers, 7 Sawy. 542, 13 Fed. Rep. 291. This is a stronger case in favor of petitioners. The petitioners are, therefore, unlawfully restrained of their liberty, and must be discharged, and it is so ordered.